IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL WAYNE KIRK,  )
　　　　　　　　　　　　)
　　　　Plaintiff,　　　　)
　　　　　　　　　　　　)
　-vs-　　　　　　　　　) 　Civil Action No.　13-195
　　　　　　　　　　　　)
CAROLYN W. COLVIN,[1]　　)
COMMISSIONER OF SOCIAL SECURITY, )
　　　　　　　　　　　　)
　　　　Defendant.　　　)

AMBROSE, Senior District Judge.

## OPINION
### and
### ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 8 and 9). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 7 and 10). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (Docket No. 9) and denying Plaintiff's Motion for Summary Judgment. (Docket No. 8).

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for social security income pursuant to the Social Security Act ("Act"). Plaintiff filed an application for benefits on September 25, 2009, alleging he had been disabled due to Attention Deficit Hyperactivity Disorder (ADHD) and a learning disorder since January 1, 1998. (Docket No. 5-5, pp. 2-4 and 5-6 pp. 2-4). Administrative Law Judge ("ALJ") John J. Porter held a hearing on May 24, 2011. (Docket No.

---

[1] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.

5-2, pp. 41-64). On June 23, 2011, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Docket No. 5-2, pp 11-22). After exhausting all of his administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 8). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

2

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Whether the ALJ erred in failing to find Plaintiff met or medically equaled Listing 12.05(c)

Plaintiff argues that the ALJ erred in determining that Plaintiff did not meet or equal an impairment listing. (ECF No. 7, pp. .4-6). In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to

3

a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000). The Third Circuit has held that:

> Putting the responsibility on the ALJ to identify the relevant listed impairment(s) is consistent with the nature of Social Security disability proceedings which are "inquisitorial rather than adversarial" and in which "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits."

*Burnett,* 220 F.3d at 120, n. 2 (quoting *Sims v. Apfel,* 530 U.S. 103 (2000)).

At issue in this case is Listing 12.05 (mental retardation). *See,* 20 C.F.R. pt. 404, subpt. P, app. 1 §12.05. Listing 12.05 – Mental Retardation provides:

> Mental retardation refers to significantly subaverage general intellectual function with deficits in adaptive functioning initially manifested during developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> A. Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directs, such that the use of standardized measures of intellectual functioning is precluded;
>
> OR
>
> B. A valid verbal, performance, or full scale IQ of 59 or less;
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation or function;
>
> OR
>
> D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
>
>  1. Marked restriction of activities of daily living; or
>  2. Marked difficulties in maintain social functions; or
>  3. Marked difficulties in maintaining concentration, persistence, or pace; or
>  4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R. pt. 404, subpt. P., app. 1 §12.05.

As the disjunctive language of the Listing indicates, the required level of severity for this disorder is met when the requirements of both the introductory paragraph and paragraphs A, B, C *or* D of the Listing are satisfied. In this case, Plaintiff contends the ALJ erred in not finding that he satisfies Part C of the Listing. (ECF No. 7, p. 5). To satisfy Part C, Plaintiff must have, before the age of 22: 1) a valid verbal, performance, or full scale IQ of 60 through 70, and 2) a physical or other mental impairment imposing an additional and significant work-related limitation or function. *Id.*; *Williams v. Sullivan*, 970 F.2d 1178, 1184 (3d Cir. 1992). Plaintiff argues that Dr. DeLuigi, one of Plaintiff's evaluating medical providers, "noted Plaintiff's IQ was 69," yet in step 3 of the analysis the ALJ did not mention this IQ score. (ECF No. 7, p. 6). Thus, Plaintiff argues the ALJ erred.

I disagree. The record reveals that while Plaintiff did obtain a full scale IQ score of 69, Dr. DeLuigi questioned the validity of such score because Plaintiff "<u>was not medicated during the evaluation</u>." (ECF No. 5-9, p. 27, emphasis in the original). As such, Dr. DeLuigi stated that the score "should be considered as being spuriously low." *Id.* Consequently, the ALJ did not view this as a "valid" IQ score in step 3 of the analysis. The other valid IQ scores of record were above 70. (ECF No. 5-9, p. 11). Based on a review of the evidence, I find there is substantial evidence to support the decision of the ALJ. *Id.* Therefore, I find no error in this regard.

**C.    Whether the ALJ erred in giving great weight to the opinion of Dr. Heil**

Plaintiff next argues that the ALJ erred in "relying on and giving great weight to the opinion of Dr. Richard Heil," rather the opinions of Dr. Weins and Dr. DeLuigi. (ECF No. 7, p. 6). The amount of weight accorded to a medical opinion is well established. 20 C.F.R. §404.1527.

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.' " *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where ...

the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Commissioner of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, *5 (3d Cir. Dec. 14, 2010).

In this case, the ALJ gave Dr. Heil, the state agency psychologist, significant weight because, as he explained, "[u]nlike the opinion of Dr. Wiens, Dr. Heil's opinion is…consistent with the claimant's activities of daily living and the claimant's treatment history including his high GAF scores….[and] because it is supported by the evidence, is consistent with the record as a whole and was completed by an expert in the evaluation of the medical issues in disability claims." (ECF No. 5-2, p. 20). After a review of the entire record, I find there is sufficient evidence to support the ALJ's decision to accord Dr. Heil's opinions significant weight. *Compare* ECF Nos. 5-2, pp. 41-64; 5-6, pp. 12-21; 5-7, pp. 1-44; 5-8, pp. 30-47; 5-9, pp. 1-19; 5-10, pp. 1-27 *with* ECF Nos. 5-8, p. 21-29 and 5-9, pp. 20-29). Therefore, I find no error by the ALJ in this regard.

### D. Whether the ALJ erred in assessing Plaintiff's credibility and Plaintiff's grandmother's credibility

Finally, Plaintiff submits that the ALJ erred in concluding that Plaintiff's testimony and the testimony of his grandmother were not fully credible. (ECF No. 7, pp. 6-7). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the

adjudicator gave to the individual's statements and the reason for that weight." *Id*. I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, Plaintiff objects to the ALJ's discrediting of him based on his "very poor" work history. (ECF No. 7, pp. 6-7; ECF No. 5-2, p. 19). Plaintiff submits that he was only 17 years old at the time he applied for benefits and, thus, did not have a significant work history. (ECF No. 7, p. 7). Plaintiff further did not think the ALJ should assume that one's ability to perform activities of daily living should mean that one is able to function in a job setting. Both SSR 96-7p and 20 C.F.R. 416.929 deal with assessing the credibility of an individual's statements. Therein it states that, when assessing credibility, an ALJ is required to look at the entire record as a whole, including an individual's daily activities and work history. Consequently, reviewing Plaintiff's work history and his activities of daily living are completely consistent with the ALJ's duties. Therefore, after a thorough review of the record as a whole, and based on the above, I find that the ALJ properly evaluated Plaintiff's statements based on the entire record as a whole and his decision was supported by substantial evidence. *Id.* Thus, I find the ALJ did not err in this regard.

Plaintiff's grandmother also testified at the hearing. (ECF No. 5-2, pp. 52-61). Plaintiff submits that the ALJ erred in "dismissing" Plaintiff's grandmother's testimony because it was consistent with the findings of Dr. DeLuigi and Dr. Weins. (ECF No. 7, p. 7). To be clear, the ALJ did not dismiss her testimony. Rather, the ALJ found Plaintiff's grandmother's testimony to be only partially credible. (ECF No. 5-2, p. 20). As explained by the ALJ, he found her testimony was inconsistent with the treatment notes that Plaintiff is doing well with high school GAF scores. After a review of the record, I find there is substantial evidence to support this finding of the ALJ. (ECF No. 5-10 and 5-11). Therefore, I find no error in this regard.

7

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL WAYNE KIRK,  )
　　　　　　　　　　　　)
　　　　Plaintiff,  )
　　　　　　　　　　　　)
　-vs-  )　　Civil Action No.　13-195
　　　　　　　　　　　　)
CAROLYN W. COLVIN,[2]  )
COMMISSIONER OF SOCIAL SECURITY,  )
　　　　　　　　　　　　)
　　　　Defendant.  )

AMBROSE, Senior District Judge.

## ORDER OF COURT

THEREFORE, this 8th day of January, 2014, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (Docket No. 8) is denied and Defendant's Motion for Summary Judgment (Docket No. 9) is granted.

　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　s/　Donetta W. Ambrose
　　　　　　　　　　　　Donetta W. Ambrose
　　　　　　　　　　　　United States Senior District Judge

---

[2] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.